# In the United States District Court
# for the
# Western District of Texas

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| **v.** | § |
| | §   SA-10-CV-1024-XR |
| **$2,106.00 MORE OR LESS IN UNITED STATES CURRENCY, ET AL.** | § |

## ORDER

On this day came on to be considered the Government's motions for summary judgment (docket nos. 33 and 34).

## BACKGROUND

On December 16, 2010, the United States filed a verified complaint for forfeiture alleging that $2,106, a 2007 Ford F-250, a 2007 Dodge Charger, a 2006 Ford F-150, and a 1957 Chevrolet Coupe were all subject to forfeiture pursuant to 21 U.S.C. §§ 801, 881(a)(4) and 881(a)(6). The above were seized by the Drug Enforcement Administration on July 30, 2010.

On August 4, 2010, an indictment was filed charging Leonard Trevino and others with conspiracy to possess with intent to distribute cocaine. *See* Cause No. SA-10-CR-661.

On February 23, 2011, Leonard Trevino filed a Claim in this civil case to the $2,106, the 2007 Ford F-250, the 2007 Dodge Charger, and the 2006 Ford F-150. Mr. Trevino's daughter, Emily, filed a claim to the 1957 Chevrolet Coupe.

On February 23, 2012, Mr. Trevino pled guilty to a superseding information (conspiracy to distribute and possess with intent to distribute over 500 grams but less than 5 kilograms of cocaine). On August 8, 2012, a Judgment was entered and Mr. Trevino was committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 72 months.

**Government's motion (docket no. 34)**

In this motion for summary judgment, the United States seeks summary judgment that Leonard Trevino's interest in the $2,106, the 2007 Dodge Charger, and the 2006 Ford F-150 is subject to forfeiture. The Government no longer seeks forfeiture of the 2007 Ford F-250 and agrees to release that vehicle to Mr. Trevino. Mr. Trevino has not filed any response to this motion.

**Analysis**

The procedures in this case are governed by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 981, et seq. The United States bears the burden of proving by a preponderance of the evidence that a substantial connection exists between the property to be forfeited and the criminal activity defined by federal statute. *See* 18 U.S.C. § 983(c)(1) and (3); *see also United States v. Melrose East Subdivision*, 357 F.3d 493, 502 (5th Cir. 2004).

The Government asserts two main theories of forfeiture based on violations of the Controlled Substances Act. Specifically, the Government contends that the properties are proceeds traceable to an illegal exchange in violation of the Controlled Substances Act, pursuant to 21 U.S.C. § 881(a)(6), and that the properties were used to facilitate the commission of an offense in violation of the Controlled Substances Act pursuant to 21 U.S.C. § 881(a)(4).

The Government is required to establish by a preponderance of the evidence that there was a substantial connection between the defendant property and the offense. A substantial connection may be established by showing that use of the property made the prohibited conduct less difficult or more or less free from obstruction or hindrance. *See United States v. $7708.78 in U.S. Currency*, 2011 WL 3489835 (S.D. Miss. Aug. 9, 2011).

Once the Government satisfies its burden in proving a substantial connection, the claimant then has the burden of proving that he was an innocent owner by a preponderance of the evidence. 18 U.S.C. § 983(d)(1). If the Government meets its burden, it will prevail on a motion for summary judgment unless the claimant introduces evidence to support his case. *See United States v. $174,206.00 in U.S. Currency*, 320 F.3d 658, 662 (6th Cir. 2003).

The Government has established by competent evidence that the Ford F-150 had a hidden compartment in the glove box area of the truck and that the vehicle was used to transports drugs. The Government has established by competent evidence the $2,106 in currency was found in Mr. Trevino's pocket at the time of his arrest.[1] The Government has also established by competent evidence that the 2007 Dodge Charger was used by Mr. Trevino to pick up Thomas Fornarelli and others to transport them to a stash house.

In failing to respond to the Government's motion or otherwise object to the Government's summary judgment evidence, Mr. Trevino has failed to carry his burden in establishing that he was an innocent owner of the defendant properties. Having carried its burden under CAFRA, the Government is therefore entitled to a summary judgment of forfeiture against the $2,106, the Ford F-150, and the 2007 Dodge Charger.

## Government's motion (docket no. 33)

In this motion the Government moves the Court to find that Emily Trevino is a nominee owner, who lacks standing to contest forfeiture of the 1957 Chevrolet Coupe. The Government contests whether Mr. Trevino ever "gifted" the vehicle to Emily and further argues that it is undisputed that Emily never received the vehicle. The Government argues that, as a matter of law, Emily has failed to establish that the vehicle was a gift because dominion and control over the property was never released to her. The Government further argues that Emily cannot

---

[1] Mr. Trevino's lawful earnings at this time were only $2,054.41.

establish that she is an owner as that term is defined in 18 U.S.C. § 983(d)(6).[2] Ms. Trevino has filed a response in opposition to the Government's motion. She argues that the vehicle was a high school graduation gift, that it was stored at her father's home because she did not secure a driver's license until March 2011, the vehicle's certificate of title reflects that she is the owner, and there is no evidence that the vehicle "had anything to do with any criminal activity or was acquired from any alleged proceeds of criminal activity."

Ms. Trevino testified that the first time she heard about the vehicle was "after the beginning of 2010." It is uncertain when Mr. Trevino acquired the vehicle. A Texas Certificate of Title indicates that the vehicle's title was transferred from Jose Carrillo of California to Ms. Trevino on March 8, 2010. Ms. Trevino testified that she never drove the vehicle. Ms. Trevino has no personal knowledge about how her father paid for the vehicle and the various repairs and improvements he made to the vehicle.[3] Ms. Trevino did not pay any monies to have the vehicle insured. Her father was listed as the insured driver for the vehicle. Ms. Trevino does not have any personal knowledge about where the vehicle was located at the time it was seized by the DEA. Thomas Fornarelli states in his affidavit that Mr. Trevino drove him to Mr. Trevino's residence[4] and "proudly showed [him] his 1957 Chevrolet Coupe."

**Analysis**

To seek return of seized property, a claimant must prove an interest in it sufficient to establish standing. A claimant in a federal civil forfeiture proceeding bears the burden to

---

[2] "In this subsection, the term "owner"--
(A) means a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest; and
(B) does not include--
(i) a person with only a general unsecured interest in, or claim against, the property or estate of another;
(ii) a bailee unless the bailor is identified and the bailee shows a colorable legitimate interest in the property seized; or
(iii) a nominee who exercises no dominion or control over the property."
[3] The Government's appraisal of the vehicle indicates the average value for this vehicle is approximately $73,000.
[4] Ms. Trevino lived with her mother at a different location.

establish standing by preponderance of the evidence. At the summary judgment stage, a claimant must present some evidence of ownership interest in the subject property beyond the mere assertion of an ownership interest. *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638–39 (9th Cir. 2012). "Ownership may be established by proof of actual possession, control, title, and financial stake." *United States v. One (1) 1983 Homemade Vessel Named Barracuda*, 625 F.Supp. 893, 897 (S.D. Fla. 1986).

The Fourth Circuit Court of Appeals has employed the dominion and control test to assess the existence of a possessory or ownership interest in a civil forfeiture proceeding. *See United States v. Bryson*, 406 F.3d 284, 291 (4th Cir. 2005) (dominion and control test used in criminal forfeiture proceeding); *United States v. Morgan*, 224 F.3d 339, 343 (4th Cir. 2000) (same).

In order to establish standing under the dominion and control analysis, a claimant cannot rely on "bare legal title" alone. *U.S. v. One Lot or Parcel of Ground Known as 1077 Kittrell Street, Norfolk, Va.*, 947 F.2d 942 (4th Cir. 1991). Dominion and control can be established through "'possession, title, [and] financial stake.'" *United States v. Various Vehicles, Funds, and Real Properties Described in Attachment A*, No. 2:11–1528, 2011 WL 6012424, at *3 (D.S.C. Oct. 25, 2011), *aff'd*, 2011 WL 6019196 (D.S.C. Nov. 30, 2011).

The Fifth Circuit has stated that "in a proceeding under § 881(a)(6) it is not necessary for an intervenor or claimant to show ownership of seized property. 'It is clear that anyone with an ownership or possessory interest in at least a portion of the property may file a claim and answer.' We accept this statement as correct, but we qualify it by requiring that the possessory interest be a colorably lawful interest in the property." *U.S. v. $321,470.00, U.S. Currency*, 874 F.2d 298, 303-04 (5th Cir. 1989).

Assuming Ms. Trevino has standing to pursue the filing of her claim, Ms. Trevino has nevertheless failed to establish that she was the owner of the vehicle. She was merely "a nominee who exercise[d] no dominion or control over the property." *See U.S. v. 2004 Ferrari 360 Modeno*, 902 F.Supp.2d 944 (S.D. Tex. 2012)(finding claimant was not an innocent owner), *aff'd*, --- F. App'x. ----, 2013 WL 5943306 (5th Cir. Nov. 7, 2013).

Although the Government does not argue that this vehicle was used to facilitate the commission of an offense in violation of the Controlled Substances Act, it does argue that the vehicle was purchased with proceeds traceable to an illegal exchange in violation of the Controlled Substances Act. As stated above, during the timeframe the vehicle title was transferred, Mr. Trevino's legitimate income could not have supported the purchase of this vehicle. Further, the Government has established that Mr. Trevino was displaying the vehicle to others as belonging to him. Automobile insurance records indicate that the only authorized driver was Mr. Trevino. Even assuming that during some portion of this timeframe, Ms. Trevino was holding only a learner license or provisional license (because she was under the age of 18), Ms. Trevino fails to present any evidence that she was added to any insurance policy that covered the vehicle. In sum, Ms. Trevino fails to bring forth any competent summary judgment evidence establishing that she is an owner as that term is defined in 18 U.S.C. § 983(d)(6).

## Conclusion

It is ordered that the 2007 Ford F-250 be released and returned to Leonard Trevino, or his designated agent, within sixty days of this Order.

The $2,106, 2007 Dodge Charger, and the 2006 Ford F-150 is forfeited to the United States of America.

The 1957 Chevrolet Coupe is forfeited to the United States of America.

The United States Marshal's Service, or its designated agent, shall dispose of the forfeited properties in accordance with law.

The United States Marshal's Service shall be reimbursed from any sale or auction of the forfeited properties for any costs and expenses incurred relating to the seizure, custody, storage and maintenance of the forfeited properties.

SIGNED this 3rd day of January, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE